IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01382-WYD-MEH

MALIBU MEIA, LLC,
Plaintiff,

v.

VOLZ, WILLIAM,

Defendant.

## DEFENDANT'S FIRST ANSWER

Defendant, William Volz,[1] ("Defendant") by and through counsel, Christina Saunders, of the law firm Sparkman + Foote LLP, submits his first Answer to the Amended Complaint for Damages for Property Right Infringement of Malibu Media, LLC ("Plaintiff") as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff has alleged a cause of action as stated in the Complaint, but denies all other allegation contained in paragraph 1 of the Complaint.

2. Defendant denies Plaintiff's allegations in Paragraph 2.

3. Defendant denies Plaintiff's allegations in Paragraph 3, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

---

[1] Plaintiff incorrectly identifies Defendant's name as Bill Volz in its Amended Complaint. Defendant's true and correct name is William Volz.

1

## JURISDICTION AND VENUE

4. Plaintiff admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338.

5. Plaintiff admits that he is a resident of the state of Colorado, but denies all other allegation contained in paragraph 5 of the Complaint.

6. Defendant cannot formulate a response, as Paragraph 6 is not an allegation. *See* Fed. R. Civ. Pro. 8(a)(2). To the extent this paragraph contains any allegations, Defendant denies them.

7. Plaintiff admits that he is a resident of the state of Colorado, but denies all other allegation contained in paragraph 7 of the Complaint.

## PARTIES

8. Defendant denies Plaintiff's allegations in Paragraph 8, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

9. Defendant admits Plaintiff's allegations in Paragraph 9.

## FACTUAL BACKGROUND

I.   Defendant denies Plaintiff's allegations in Paragraph I.

10. Defendant denies Plaintiff's allegations in Paragraph 10, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

11. Defendant denies Plaintiff's allegations in Paragraph 11, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

12. Defendant denies Plaintiff's allegations in Paragraph 12, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

13. Defendant denies Plaintiff's allegations in Paragraph 13, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

14. Defendant denies Plaintiff's allegations in Paragraph 14, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15. Defendant denies Plaintiff's allegations in Paragraph 15, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

16. Defendant denies Plaintiff's allegations in Paragraph 16, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

17. Defendant denies Plaintiff's allegations in Paragraph 17, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

18. Defendant denies Plaintiff's allegations in Paragraph 18, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

19. Defendant denies Plaintiff's allegations in Paragraph 19.

20. Defendant denies Plaintiff's allegations in Paragraph 20, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21. Defendant denies Plaintiff's allegations in Paragraph 21, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

22. Defendant denies Plaintiff's allegations in Paragraph 22, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

23. Defendant denies Plaintiff's allegations in Paragraph 23, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

24. Defendant denies Plaintiff's allegations in Paragraph 24, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

25. Defendant cannot formulate a response, as Paragraph 25 is not an allegation. *See* Fed. R. Civ. Pro. 8(a)(2). To the extent this paragraph contains any allegations, Defendant denies them.

26. Defendant denies Plaintiff's allegations in Paragraph 26, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

27. Defendant cannot formulate a response, as Paragraph 27 is not an allegation. See Fed. R. Civ. Pro. 8(a)(2). To the extent this paragraph contains any allegations, Defendant denies them.

## MISCELLANEOUS

28. Defendant cannot formulate a response, as paragraph 28 is not an allegation. See Fed. R. Civ. Pro. 8(a)(2). To the extent this paragraph contains any allegations, Defendant denies them.

29. Defendant cannot formulate a response, as paragraph 29 is not an allegation. See Fed. R. Civ. Pro. 8(a)(2). To the extent this paragraph contains any allegations, Defendant denies them.

## COUNT I: DIRECT INFRINGEMENT AGAINST DEFENDANT

30. The answers contained in paragraph 1-29 are hereby re-answered as if fully set forth herein.

31. Defendant denies Plaintiff's allegations in Paragraph 31, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

32. Defendant denies Plaintiff's allegations in Paragraph 32.

33. Defendant denies Plaintiff's allegations in Paragraph 33, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

34. Defendant denies Plaintiff's allegations in Paragraph 34 (A)-(D), because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

35. Defendant denies Plaintiff's allegations in Paragraph 35.

## AFFIRMATIVE DEFENSES

Defendant, through and by counsel, states the following affirmative defenses to Plaintiff's Complaint:

### First Affirmative Defense: MISUSE OF COPYRIGHT

1. Plaintiff's claims are barred by the misuse of copyright. Plaintiff intends to elicit settlement funds from Defendant, rather than prevent infringement of its copyrights. Moreover, Plaintiff has developed and engaged a litigation centric business model, whereby Plaintiff tracks BitTorrent sites in order to locate IP addresses, which may lead to a potential copyright infringer, in order to generate income for the alleged downloads rather than use this as a method to stop infringements. In doing so, Plaintiff has illegally extended its monopoly beyond the scope of copyright and violated public policy underlying the copyright laws.

**Second Affirmative Defense: ONE SATISFACTION RULE**

2. Plaintiff's claims for statutory damages, for each copyright at issue, are barred in whole or in part, to the extent that a statutory fee award has already been received by Plaintiff for that copyrighted work from settlement or judgments paid by other infringers who were involved in related infringement(s), via BitTorrent, of the same works or files as Defendant.

**Third Affirmative Defense: NO VOLITIONAL CONDUCT**

3. Plaintiff's claims are barred in whole or in part because Defendant did not engage in any volitional conduct.

4. Plaintiff's claims are barred in whole or in part because the harm alleged by Plaintiff may have resulted from the misuse of technology by some person not reasonably expected by Defendant.

**Fourth Affirmative Defense: DOCTRINE OF EXHAUSTION**

5. Plaintiff's claims are barred by the doctrine of exhaustion.

**Fifth Affirmative Defense: INVALIDITY OR UNENFORCEABILITY OF COPYRIGHT**

6. Plaintiff's copyrights are invalid and/or unenforceable obscene and/or violate 19 USC § 2257.

**Sixth Affirmative Defense: DE MINIMUS INFRINGEMENT**

7. Plaintiff's claims are barred in that any copying or other violations of rights which may have occurred was de minimus and/or non-functional.

### Seventh Affirmative Defense: INJUNCTIVE RELIEF

8. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### Eighth Affirmative Defense: FAIR USE

9. Plaintiff's claims are barred by the doctrine of fair use.

Pursuant to FRCP 11, as amended, all possible affirmative defenses and counterclaims may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend its answer to allege additional affirmative defenses and/or counterclaims, if subsequent investigation so warrants.

A trial by jury is hereby demanded.

WHEREFORE, Defendant respectfully requests that judgment enter in his favor, and against Plaintiff. Defendant further requests that he be awarded his costs and fees.

8

Dated this 13th Day of October, 2014.

                Respectfully submitted,

                SPARKMAN + FOOTE LLP

                _____
                Christina E. Saunders
                Sparkman + Foote LLP
                1616 17th Street, Suite 370
                Denver, CO 80202

                Tel: (303)396-0270
                E-mail: Saunders@Sparkmanfoote.com

                *Attorney for Defendant William Volz*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER was served by CM/EFS on this 13th day of October, 2014, upon the following counsel, and all other interested parties:

Jason Kotzker
Kotzker Law Group
9609 S University Blvd., #632134
Highlands Ranch, CO 80163
E-mail: jason@klgip.com


_____
Christina E. Saunders
Sparkman + Foote LLP
1616 17th Street, Suite 370
Denver, CO 80202

Tel: (303)396-0270
E-mail: Saunders@Sparkmanfoote.com

Attorney for Defendant William Volz